U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
AUG 17 2012
CLERK, U.S. DISTRICT COURT
By_____
                Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| MARIA RAMOS, ET AL., | § |
| | § |
| Plaintiffs, | § |
| | § |
| VS. | § NO. 4:12-CV-525-A |
| | § |
| BANK OF AMERICA N.A., AS | § |
| SUCCESSOR BY MERGER TO BAC | § |
| HOME LOAN SERVICING, LP F/K/A | § |
| COUNTRYWIDE HOME LOANS | § |
| SERVICING, LP AND MORTGAGE | § |
| ELECTRONIC REGISTRATION | § |
| SYSTEMS, INC., | § |
| | § |
| Defendants. | § |

MEMORANDUM OPINION
and
ORDER

The court has not been persuaded that it has subject matter jurisdiction over the above-captioned action. Therefore, the court is ordering the action remanded to the state court from which it was removed.

I.

Background

Plaintiffs, Maria Ramos and Gonzalo Pluas, initiated this action by the filing of their original petition in the District Court of Tarrant County, Texas, 67th Judicial District, naming as defendants Bank of America N.A. ("Bank of America"), as successor

by merger to BAC Home Loan Servicing, LP f/k/a Countrywide Home Loans Servicing, LP, and Mortgage Electronic Registration Systems, Inc. ("MERS"). By notice of removal filed July 27, 2012, defendants removed the action to this court, alleging that this court had subject matter jurisdiction by reason of diversity of citizenship, as contemplated by 28 U.S.C. § 1332, and that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, as contemplated by § 1332(a).

In the notice of removal, defendants alleged that "'[w]hen declaratory or injunctive relief is sought, 'the amount in controversy is measured by the value of the object of the litigation.'" Notice of Removal at 3 (citations omitted). Defendants further argued that because plaintiffs in this case seek to protect their "entire property," id., the fair market value of the property constitutes the amount in controversy. Because the Tarrant County Appraisal District showed the value of plaintiff's property at $170,000.00, defendants claimed they had established the amount in controversy.

Because of a concern that defendants had not provided the court with information that would enable the court to find the

2

existence of the requisite jurisdictional amount, the court on July 31, 2012, ordered defendants to file an amended notice of removal, together with supporting documentation, showing that the amount in controversy exceeds the jurisdictional amount. Defendants timely complied with the court's order.

## II.

### Basic Principles

The court starts with a statement of basic principles announced by the Fifth Circuit:

"The removing party bears the burden of showing that federal subject matter jurisdiction exists and that removal was proper." Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). "Moreover, because the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns, which mandate strict construction of the removal statute."[1] Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365-66 (5th Cir. 1995).

---

[1] The removal statute, 28 U.S.C. § 1441(a) provides, in pertinent part, that:
[A]ny civil action brought in a State court <u>of which the district courts of the United States have original jurisdiction</u>, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

(emphasis added).

Any doubts about whether removal jurisdiction is proper must therefore be resolved against the exercise of federal jurisdiction. Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000).

To determine the amount in controversy, the court ordinarily looks to the plaintiff's state court petition. Manguno, 276 F.3d at 723. If it is not facially apparent from the petition that the amount in controversy exceeds the required amount, the removing party must set forth summary judgment-type evidence, either in the notice of removal or in an affidavit, showing that the amount in controversy is, more likely than not, greater than $75,000. Id.; Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995). The amount in controversy is measured from the perspective of the plaintiff. See Garcia v. Koch Oil Co. of Texas Inc., 351 F.3d 636, 640 n.4 (5th Cir. 2003).

III.

### The True Nature of Plaintiffs' Claims

The petition by which plaintiffs initiated this action in the state court does not specify a dollar amount of recovery sought, nor does it define in any way the value of the right sought to be protected or the extent of the injury sought to be

4

prevented. Rather, the allegations of the petition are typical of many state court petitions that are brought before this court by notices of removal in which the plaintiffs make vague, general, and obviously legally baseless allegations in an attempt to frustrate the procedures a lender is pursuing, or has pursued, to regain possession of residential property the plaintiffs used as security for the making of a loan.

As the court has been required to do in other cases of this kind, the court has undertaken an evaluation of the true nature of plaintiffs' claims. Having done so, and having considered the authorities and arguments cited by defendants in the amended notice of removal, the court remains unpersuaded that the amount in controversy exceeds the required jurisdictional minimum.

In the case at bar, plaintiffs contended that in conjunction with their purchase of the property at issue they executed a promissory note, secured by a deed of trust, in favor of Capital One Home Loans, LLC. However, the notice of substitute trustee sale, informing plaintiffs that their property was scheduled to be sold at a foreclosure sale, showed Bank of America as current mortgagee and MERS as "nominee, mortgagee." Notice of Removal, Pls.' Original Pet., at 2. Plaintiffs in the petition maintained

they had no record of any assignment or transfer of their note and deed of trust to defendants. Plaintiffs speculated, "on information and belief," id. at 3, that their note was pooled with other such instruments and "securitized." Id. As a consequence of the foregoing, plaintiffs alleged defendants are not the present owners of the note and have no right to foreclose on their property.

In the amended notice of removal defendants cited the following language from this court's opinion in Gluth v. BAC Home Loans Servicing, LP, No 4:11-CV-251-A, 2011 WL 2559714 (N.D. Tex. June 27, 2011), where the court found the defendant had failed properly to establish the amount in controversy under similar factual circumstances:

> Contrary to defendant's assertions, plaintiff here does not appear to challenge the validity of the note or deed of trust, only the validity of their alleged transfer to other parties and the validity of defendant's claim as holder. The court is convinced that in this case, as in others before it, there is no legitimate dispute over ownership to the property, only plaintiff's attempt to extend the time she can stay on the property at no cost to her. Although plaintiff contends defendant is not the holder of the original note and disputes defendant's right to foreclose, nothing in the petition could lead to the conclusion that plaintiff is the holder of the original note, or that plaintiff would be entitled to enjoin foreclosure and eviction by whoever is the holder.

6

Gluth, No 4:11-CV-251-A, 2011 WL 2559714, at *3. Defendants attempt to contrast the instant action with Gluth by claiming that here, plaintiffs "directly challenge the validity of the Note and Deed of Trust, and attempt to permanently prevent anyone from ever exercising the right to foreclose under those documents." Am. Notice of Removal at 4. A review of the state court petition in Gluth, however, shows that the plaintiff there made similar allegations to those in the instant action: essentially that no lawful assignment of the note and deed of trust ever took place, with the result that the defendant was not the holder of the note and had no right to foreclose. Thus, the court's analysis in Gluth is applicable to plaintiffs' claims in the instant action.

In the amended notice of removal defendants also rely on various allegations in plaintiffs' petition, including the prayer for relief, showing that plaintiffs are seeking to permanently prevent defendants or anyone from ever foreclosing on the property. Nothing alleged in the petition, however, could lead to the conclusion that plaintiffs are the holders of the original note, or that they would be entitled to enjoin foreclosure and eviction by whoever holds the original note.

Although defendants have provided the court with documents showing that the value of the property exceeds $75,000, they have failed to persuade the court that such constitutes the

7

amount in controversy. No other information has been provided to the court that would enable the court to place a value on the interest plaintiffs seeks to protect by this action. Thus, defendants have not shown by a preponderance of the evidence that the amount in controversy in this action exceeds $75,000, exclusive of interest and costs. Consequently, the court lacks subject matter jurisdiction over the action, and it should be remanded to the state court from which it was removed.

IV.

Order

Therefore,

The court ORDERS that this action be, and is hereby, remanded to the state court from which it was removed.

SIGNED August 17, 2012.

_____
JOHN McBRYDE
United States District Judge